### The A. R. Weeks *v.* The Ephruessi.

### The Ephruessi *v.* The A. R. Weeks.

*(District Court, E. D. Pennsylvania. January 29, 1886.)*

COLLISION—UNUSUAL CARE—DAMAGES.
> Where a collision results from want of due care upon the part of a vessel, she is liable in damages.

In Admiralty.

*Henry R. Edmunds*, for the A. R. Weeks.

*John L. Lane*, for the Ephruessi.

BUTLER, J. The schooner had the right of way. It was therefore the bark's duty to keep off. She did not; and, in the absence of exculpatory proof, must be held to have been in fault. I find no such proof. The schooner kept her course, as was her duty, and the bark was unembarrassed. Why she did not keep off is sufficiently explained by the testimony and report of the pilot. In addition, however, to the want of care in controlling her course, of which he speaks, I think there was imprudence in approaching so near the schooner before taking measures to go under her stern. While the condition of the wind and tide, and character of the channel, presented no obstacle to the control of the bark tending to excuse her,—none which should not have been foreseen and provided against,—the circumstances were such as to call for unusual care. The failure to observe this care caused the accident.

A decree must be entered in favor of the schooner for full damages and costs, in each case. I find no evidence that she was guilty of contributory fault. It was her duty to hold her course until she saw

---

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

that collision was imminent. She was justified in expecting the bark to go under her stern. She had no reason to expect that this vessel would cease paying off; that she would come so close as to lose the benefit of the wind, and drift with the tide. When she discovered the danger, there was no time to avoid it. A failure to do the right thing under such circumstances is not a fault. It does not appear, however, that anything could have been done to avoid the result.